**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARLYN CHAMBERS                    *
                                   *
            Plaintiff              *
                                   *
VS.                                *
                                   *        NO: 5:07CV00265   SWW
PRODUCERS RICE MILL, INC.          *
                                   *
            Defendant              *
                                   *
                                   *
                                   *
                                   *

## ORDER

      Plaintiff Darlyn Chambers brings this action under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, claiming that Defendant filed to hire her based on her gender.  Before the Court is Plaintiff's motion for appointment of counsel.  After careful consideration, and for the reasons that follow, the motion will be denied.

      It is well settled that an indigent, *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A court may, in its discretion, appoint counsel if it is convinced that the litigant and the court will benefit from the assistance of counsel.  *Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986).  In making this determination, the Court must weigh and consider (1) the factual and legal complexity of the case, (2) the indigent litigant's ability to investigate the facts, (3) the presence or absence of conflicting testimony, and (4) the indigent litigant's ability to present her claims. *Id*. at 1322-23.  "These factors are 'by no means an exclusive checklist,' and the weight to be

given any one factor will vary with each case."  *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Here, Plaintiff's claim is not legally or factually complex; she  claims that she applied for a job, and a hiring supervisor told her "it was a man's job."  Docket entry #2, at 3.  Further,  it appears from Plaintiff's pleading and motions filed thus far that she is capable of pursuing her claims without the benefit of appointed counsel.  Under the circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (docket entry #8) is DENIED.

IT IS SO ORDERED THIS 26TH DAY OF NOVEMBER, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

2